1  CAL J. POTTER, III, ESQ.
   Nevada Bar No. 1988
2  C. J. POTTER, IV, ESQ.
   Nevada Bar No. 13225
3  POTTER LAW OFFICES
   1125 Shadow Lane
4  Las Vegas, NV 89102
   Ph:  (702) 385-1954
5  Fax: (702) 385-9081
   cpotter@potterlawoffices.com
6  *Attorneys for Plaintiff*

7

8  **UNITED STATES DISTRICT COURT**

9  **DISTRICT OF NEVADA**

10

11 VIVIAN WRIGHT-BOLTON;                    CASE NO.: 14-CV-01612-APG-PAL

           Plaintiff,
12 v.

13 MELANIE ANDRESS-TOBIASSON,               *Oral Argument Requested*
   individually; THE ESTATE OF JENNIFER
14 BOLTON deceased; KOCKA & BOLTON,
   LLC, a Nevada Limited Liability Company;
15
           Defendants.
16 _____/

17         **PLAINTIFF'S REPLY TO COUNTER-MOTION PURSUANT TO 56(d)**

18         COMES NOW Plaintiff, Vivian Wright-Bolton, by and through her counsel, Cal J.

19 Potter, III, Esq. and C. J. Potter, IV, Esq. of Potter Law Offices, hereby Replies to Defendant's

20 Opposition to Plaintiff's 56(d) Motion.

21 . . .

22 . . .

23 . . .

24 . . .

25 . . .

26 . . .

27 . . .

28 . . .

1   This Reply is made and based upon the attached Memorandum of Points and
2 Authorities, the exhibits, papers and pleadings on file herein, and the argument of counsel at
3 the requested hearing in this matter.
4   DATED this 21st day of May, 2015

POTTER LAW OFFICES

By   /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY

Defendant mischaracterizes the contents of Plaintiff's Rule 54(b) Motion so they may attempt to refute the overly-simplified version of the Motion while ignoring its actual contents. Specifically, the Defendant argues that Plaintiff: " fails to identify a single fact that is necessary to vet in discovery in order to decide whether Judge Andress-Tobiasson is absolutely immune from suit." (Doc. 22, p. 3, lns. 11-12). However, in actuality, Plaintiff expressly incorporated the Declaration of her counsel, by reference. In the Declaration, Counsel stated: Plaintiff requires the opportunity to depose Judge Tobiasson to test the veracity of the representations which Judge Tobiasson has made in the Affidavit in support of her Motion for Summary Judgment." (Doc 19-1 ¶ 8).Facts that contradict the representations made by Tobiasson include that: "in investigating this claim prior to filing the Complaint, [the Declarant] was informed by one attorney and one public defender that Jennifer Bolton and/or Frank Koka had counseled and/or represented Judge Tobiasson in a claim involving an employer/employee matter of a sensitive nature. (Doc 19-1 ¶ 9); and that [the Declarant] has also been informed that Ms. Bolton accompanied Judge Tobaisson to introduce Judge Tobaisson to Jennifer Bolton's friends and colleagues on numerous occasions. (Doc 19-1 ¶ 10). However Plaintiff is only able

. . .

. . .

to confirm the representations made to your Declarant by deposing and subpoenaing witnesses who have knowledge of the events concerning the issuance of the Orders in this matter. (Doc 19-1 ¶ 11).

Consequently, the Plaintiff has articulated specific facts that contradict Tobiasson's representations and has demonstrated that Plaintiff requires the opportunity to depose Defendant Tobiasson and issue subpoenas to obtain documents prior to the Court considering Plaintiff's Motion. The contradictions are significant because Defendant Tobiasson is not entitled to immunity if she acted in the clear absence of all jurisdiction. *See*, Stump v. Sparkman, 435 U.S. 349, 356-357 (1978). Although immunity is generally a question of law, it requires a factually intensive inquiry. *See e.g.* Drummond v. Anaheim, 343 F.3d 1052 (9th Cir. 2003). The justice courts are courts of limited jurisdiction. NRS 4.370(1). That is, they only have jurisdiction over matters as granted by Nevada Revised Statutes. State of Nevada v. Justice Court, 112 Nev. 803, 805 (1996). Therefore, it is objectively unreasonable to believe that a Canadian Statute may somehow confer jurisdiction upon the Las Vegas Justice Court over a matter which was pending in Nevada's Eighth Judicial District Court. Additionally, both Eighth Judicial District Court Judge Gloria O'Malley and Chief Justice of the Peace determined that Tobiasson's acted in the absence of all jurisdiction when she issued the subject order. Further, because reliance upon a Canadian Statute is objectively unreasonable Defendant Tobiasson's purported goo faith is immaterial. Moreover, justice should require that Plaintiff be afforded the opportunity to demonstrate that Defendant Tobaisson's affidavit is not accurate prior to the Court entertaining Defendant's Motion for Summary Judgement.

DATED this 21st day of May, 2015

POTTER LAW OFFICES

By   /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No.  1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that pursuant to FRCP 5(b), I did serve at Las Vegas, Nevada on this 21st day of May, 2015 a true and correct copy of **PLAINTIFF'S REPLY TO COUNTER-MOTION PURSUANT TO 56(d)** was served via the CM/ECF system on the following parties:

Walter R. Cannon, Esq.
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
nlangenderfer@ocgas.com

Chris T. Rasmussen, Esq.
RASMUSSEN & KANG
330 South Third Street, Ste. 1010
Las Vegas, NV 89101
chris@rasmussenkang.com

        /s/ Jenna Enrico
        An Employee of Potter Law Offices