UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VIVIAN WRIGHT-BOLTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MELANIE ANDRESS-TOBIASSON; THE ESTATE OF JENNIFER BOLTON; and KOCKA & BOLTON, LLC;<br><br>　　　　　Defendants. | Case No. 2:14-cv-01612-APG-PAL<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br><br>(Dkt. #13, #19, #29) |

　　　　Plaintiff Vivian Wright-Bolton filed suit against defendants Judge Melanie Andress-Tobiasson, the Estate of Jennifer Bolton, and Kocka & Bolton, LLC, asserting a 42 U.S.C. § 1983 claim based on the defendants' alleged violation of her due process rights under the Fourteenth Amendment.  She also asserts state law claims for negligence, intentional infliction of emotional distress, and common law conspiracy.  Wright-Bolton alleges that her Due Process rights were violated when Judge Andress-Tobiasson signed an order containing findings supporting Jennifer Bolton's application for a Canadian divorce.  Judge Andress-Tobiasson moves for summary judgment based on judicial immunity.  Wright-Bolton cross-moves for a stay of a decision on the summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d).  I grant Judge Andress-Tobiasson's motion for summary judgment on all claims and deny Wright-Bolton's cross-motion for a stay.

**I. BACKGROUND**

　　　　Wright-Bolton and Jennifer Bolton were married in Vancouver, Canada. (Dkt. #1 at 3.)  They were in a relationship from 2002 to 2011. (*Id.*)  After their relationship ended, they were involved in a child custody dispute in Nevada's Eighth Judicial District Family Court. (*Id.*)

　　　　In February 2014, Bolton visited Judge Andress-Tobiasson's judicial chambers and requested the judge's assistance in obtaining an order related to Bolton's marriage to Wright-

1 Bolton. (Dkt. #13 at 5.)  Bolton had appeared on cases in front of Judge Andress-Tobiasson on multiple occasions. (Dkt. #1 at 4; Dkt. #13 at 5.)  At the time Bolton came to request assistance, Judge Andress-Tobiasson was aware that Bolton was in a custody dispute with Wright-Bolton and that Bolton had recently been diagnosed with cancer. (Dkt. #13 at 20.)

Judge Andress-Tobiasson states that Bolton presented an affidavit signed by Bolton that stated that Bolton and Wright-Bolton had been separated for almost three years and that Bolton was unable to obtain a divorce in Nevada for her marriage in Canada. (*Id.*)  Bolton also represented to Judge Andress-Tobiasson that all Canadian law requirements were met to obtain an order from a Nevada court that would allow her to finalize the divorce in Canada. (*Id.*)  Bolton allegedly further stated that she had served Wright-Bolton with divorce papers but that Wright-Bolton was refusing to sign them.  According to Judge Andress-Tobiasson, Bolton showed her a copy of the Canadian Civil Marriage Act (S.C. 2005, c.33) (the "Canadian Act"), which purportedly would allow her to sign an order supporting Bolton's application for a Canadian divorce. (Dkt. #13 at 20.)

After reviewing Bolton's affidavit and the Canadian Act, Judge Andress-Tobiasson signed an *ex parte* order on February 12, 2014 finding that (1) Bolton was a resident of Clark County, Nevada; (2) Clark County did not grant legal status to marriages between same-sex couples; (3) Bolton and Wright-Bolton had been separated for at least one year and neither spouse resided in Canada at the time of Bolton's application for divorce; and (4) Wright-Bolton was unreasonably withholding her consent for divorce (the "February Order"). (*Id.* at 28-29.)

In her complaint, Wright-Bolton alleges that prior to entry of the February Order, she was not given notice of the proposed order and was not given a chance for a hearing, meeting, or opportunity to be heard about the facts contained in Bolton's affidavit or the couple's underlying custody dispute in the Eighth Judicial District Court. (Dkt. #1 at 4.)  The February Order was given to the Canadian judge who then issued an order granting Bolton a divorce. (Dkt. #19-5.)

After learning of the February Order, Wright-Bolton contacted Las Vegas Justice Court Chief Judge Karen Bennet-Haron, asking her to investigate the February Order. (Dkt. #19-3 at 3.)

Judge Andress-Tobiasson subsequently rescinded the February Order based on her discussions with Judge Bennet-Haron and her own determination that she lacked jurisdiction and therefore the February Order had been "improvidently issued." (Dkt. #13 at 38-40.) Soon thereafter, Bolton passed away.

Wright-Bolton's complaint alleges that Judge Andress-Tobiasson violated her Fourteenth Amendment Due Process rights by issuing the February Order. She also asserts state law claims for negligence, intentional infliction of emotional distress, and common law conspiracy. Judge Andress-Tobiasson moves for summary judgment on all claims against her on the basis of judicial immunity.

## II. ANALYSIS

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Judge Andress-Tobiasson's Judicial Immunity Defense

Judge Andress-Tobiasson moves for summary judgment arguing that absolute judicial immunity requires that I dismiss all of the claims against her. She argues that she was performing a judicial function when she issued the February Order and that the text of the Canadian Act

provided a colorable basis for her assertion of jurisdiction. Wright Bolton responds that the February Order (1) was not a judicial act as it exceeded the scope of the Justice Court's limited jurisdiction, (2) was not entered in a case that was pending before Judge Andress-Tobiasson, and (3) did not arise out of a confrontation with the judge in her official capacity. Further, Wright-Bolton contends that Judge Andress-Tobiasson's later rescission of the February Order based on lack of jurisdiction, as well as statements made by the presiding judge in the custody litigation, prove that Judge Andress-Tobiasson acted in the clear absence of all jurisdiction, and therefore judicial immunity does not apply.

A claim under 42 U.S.C. § 1983 may be maintained against a government official in her individual capacity who, under color of law, deprives an individual of constitutional rights. However, certain categories of government officials are protected from such claims by absolute immunity. *See Forrester v. White*, 484 U.S. 219, 225-226 (1988). To determine whether absolute immunity applies, the inquiry focuses on the nature and function of the act, not the specific action taken. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Absolute immunity applies to judges performing "judicial acts." *Id.* at 359. Only actions taken "in clear absence of all jurisdiction" will not be protected by absolute immunity. *Id.* at 356-57. Judicial immunity is immunity from suit, not just immunity from a later assessment of damages. *Mirales v. Waco*, 502 U.S. 9, 11 (1991). Therefore, if judicial immunity attaches to the actions of a judicial officer, the suit must be dismissed.

I analyze four factors to determine whether an act is judicial in nature: whether (1) the precise act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989); *see also Meek v. County of Riverside*, 183 F.2d 962, 967 (9th Cir. 1999). If the act is judicial in nature, absolute immunity attaches even if the act is done maliciously or in bad faith, involves grave procedural

errors, or exceeds the judge's jurisdiction. *See Stump*, 435 U.S. at 359; *Mirales*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

The issuance of court orders is a quintessential judicial function. *See Stump*, 435 U.S. at 362 (finding that a judge's issuance of an order was a judicial act and "the type of act normally performed only by judges"). Although the February Order was *ex parte* and without notice to Wright-Bolton, these facts do not make the issuance of a court order any less judicial in nature. Nor does the lack of formality by which Bolton requested the order, and by which Judge Andress-Tobiasson signed it, take the issuance of the order outside the parameters of a normal judicial function. *See Forrester*, 484 U.S. at 227 ("the informal and *ex parte* nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character").

Although the February Order was not issued in a case directly in front of Judge Andress-Tobiasson, it was done in her chambers and Bolton went to her in her judicial capacity. Indeed, Bolton specifically sought out Judge Andress-Tobiasson because she needed a court order from a Nevada judge that she could submit to the Canadian court to obtain a divorce. Even assuming that Judge Andress-Tobiasson and Bolton were on friendly terms, that the judge relied on the facts in Bolton's affidavit without verifying their accuracy, and that Bolton's recent cancer diagnosis influenced the judge's decision, that would not change the fundamental judicial nature of the act of entering a court order. Allegations of bad faith or corrupt motive on the judge's part do not make the judge's actions any less judicial in nature. *See Forrester*, 484 U.S. at 227-28; see also *Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial"). Unless Judge Andress-Tobiasson acted in clear absence of jurisdiction, no issues of material fact remain and her issuance of the February Order was a judicial act protected by absolute judicial immunity.

The Canadian Act which Judge Andress-Tobiasson relied on in issuing the February Order states that for non-resident spouses:

> 7. (1) The court of the province where the marriage was performed may, on application, grant the spouses a divorce if
>
>> (a) there has been a breakdown of the marriage as established by the spouses having lived separate and apart for at least one year before the making of the application;
>>
>> (b) neither spouse resides in Canada at the time the application is made; and
>>
>> (c) each of the spouses is residing—and for at least one year immediately before the application is made, has resided—in a state where a divorce cannot be granted because that state does not recognize the validity of the marriage.
>
> (2) **The application may be made** by both spouses jointly or by one of the spouses with the other spouse's consent or, in the absence of that consent, **on presentation of an order from the court or a court located in the state where one of the spouses resides** that declares that the other spouse
>
>> (a) is incapable of making decisions about his or her civil status because of a mental disability;
>>
>> (b) is unreasonably withholding consent; or
>>
>> (c) cannot be found.

S.C. 2005, c.33, 7(1)-(2) (emphasis added). The Canadian Act does not specify which type of court can make such a finding, rather it states that the order can be issued by any court located in the state where the applicant spouse resides. Judge Andress-Tobiasson is a Las Vegas Justice Court judge within Clark County, Nevada. Based on Bolton's affidavit and statements, Judge Andress-Tobiasson had reason to believe that Bolton was a resident of Clark County, had been living apart from Wright-Bolton for at least a year, and that Wright-Bolton was refusing to grant a divorce. Further, at the time she issued the February Order, Nevada did not recognize the validity of same-sex marriages. Therefore, Judge Andress-Tobiasson had a colorable basis to assert jurisdiction and issue the February Order and reason to believe that all conditions had been met to satisfy subsection 7(1)-(2) of the Canadian Act.

Wright-Bolton argues that Judge Andress-Tobiasson's order rescinding the February Order on the basis of lack of subject-matter jurisdiction shows she acted in the absence of all jurisdiction. Additionally, she points to statements by the presiding judge in the couple's custody dispute, who stated that there were procedural issues with the February Order and that Judge Andress-Tobiasson lacked jurisdiction.

I disagree. Even if Judge Andress-Tobiasson overstepped the bounds of her court's jurisdiction and acted in excess of her authority, that is not the same as acting in clear absence of all jurisdiction. *See Stumps*, 435 U.S. at 356-357 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (citations omitted). Because Judge Andress-Tobiasson had a colorable basis to assert jurisdiction as specified under the Canadian Act, she is entitled to absolute judicial immunity with respect to Wright-Bolton's § 1983 claim.

The Nevada Supreme Court also grants absolute judicial immunity to judges performing judicial acts. *See State v. Second Judicial Dist. Court ex rel. Cnty. of Washoe*, 55 P.3d 420, 424 (Nev. 2002) (recognizing that judges are afforded absolute immunity in connection with their judicial functions). Thus, Judge Andress-Tobiasson is also immune from Wright-Bolton's state law claims. Accordingly, no genuine dispute of material fact exists and Judge Andress-Tobiasson is entitled to summary judgment.

**B. Wright-Bolton's Cross-Motion for Stay Pursuant to Rule 56(d)**

Federal Rule of Civil Procedure 56(d) states that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The party seeking the continuance must show that it lacks the facts essential to resist the summary judgment motion. *See McCormick v. Fund Am. Companies, Inc.*, 26 F.3d 869, 885 (9th Cir. 1994). Wright-Bolton offers no fact, either in her opposition to the summary judgment motion or in the accompanying attorney declaration, which could be found during discovery that would overcome Judge Andress-Tobiasson's right to judicial immunity. Instead, Wright-Bolton argues that the defendants would not be burdened by a delay in consideration of their motion for summary judgment until after some discovery has occurred and

that it would be inefficient to consider this motion prior to Wright-Bolton having the opportunity to conduct discovery. But this is not the standard under Rule 56(d), which requires Wright-Bolton to show what specific, essential facts she lacks in order to resist summary judgment. *State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Wright-Bolton offers no reason why further discovery would deprive Judge Andress-Tobiasson of absolute judicial immunity, nor can I think of one. Therefore, I deny Wright-Bolton's motion for a stay under Rule 56(d).

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Judge Melanie Andress-Tobiasson's motion for summary judgment on all claims **(Dkt. #13) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff Vivian Wright-Bolton's motion for stay of decision pursuant to Federal Rule of Civil Procedure 56(d) **(Dkt. #19) is DENIED**.

IT IS FURTHER ORDERED that defendant Judge Melanie Andress-Tobiasson's motion to strike Wright-Bolton's designation of an expert witness **(Dkt. #29) is DENIED as moot**.

DATED this 23rd day of September, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE